# EXHIBIT A

# CIV-200529-CIV-DS2009429-CASEEN-134002



## Scanned Document Coversheet

| | |
|---|---|
| System Code: | CIV |
| Case Number: | DS2009429 |
| Case Type: | CIV |
| Action Code: | CASEEN |
| Action Date: | 05/29/20 |
| Action Time: | 1:40 |
| Action Seq: | 0002 |
| Printed by: | MPERE |

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Complaint and Party information entered


NEW FILE

PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone: (818) 883-4900
Email: peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
5211 East Washington Blvd. # 2262
Commerce, CA 90040
Telephone: (213) 599-8255
Fax: (213) 402-3949
Email: lonnieblanchard@gmail.com

Attorneys for Plaintiff Andres Campos

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 29 2020

BY _____
MELISSA PEREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| Andres Campos, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Converse, Inc. and Does 1 through 10,<br>Defendants. | Case No. **CIV DS 2009429**<br>**CLASS ACTION**<br><br>**Complaint for:**<br><br>1. **Failure to Pay Compensation Due**<br>2. **Meal Period Violations**<br>3. **Rest Period Violations**<br>4. **Failure to Pay Wages Timely Upon Termination**<br>5. **Violation of Cal. Business & Professions Code Section 17203**<br><br>**Demand for Jury Trial** |

Plaintiff Andres Campos ("Plaintiff"), individually, on behalf of all other persons similarly situated, alleges:

1. Plaintiff is a California resident and was employed in San Bernardino County by Defendants as a non-exempt employee.

---

Complaint

1

2. Defendant Converse, Inc. ("Converse" or "Defendant") is a Delaware corporation with its principal place of business located at 1 Lovejoy Wharf, Boston MA 02114.

3. Defendants acted as employers, co-employers and/or joint employers of Plaintiff and the class members and PAGA members.

4. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe defendants are persons or entities who are involved in the acts set forth below, either as employers, independent contractors, suppliers, agents, servants or employees of the known defendants, or through conspiring with the known Defendants to perform these acts for financial gain and profit in violation of Plaintiff's and class members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

5. Each of the Defendants has been or is the principal, officer, director, agent, employee, joint employer, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some of the Defendants conspired with other Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in committing the acts alleged herein.

6. The named Defendants and the Doe defendants are hereinafter referred to collectively as "Defendants."

## CLASS ACTION ALLEGATIONS

Plaintiff brings the first four causes of action for himself and on behalf of the following classes:

Complaint
2

**Class 1. Unpaid Wages Class (Hours Worked Claim Based on Control of Employees through Mandatory Security Procedures)**

All non-exempt employees employed by Converse, Inc. at any of Converse, Inc.'s facilities in California at any time during the period beginning four years prior to the date of the filing of this action and ending on the date of certification or as otherwise determined by the Court who were required to go through a security process to exit the facility.

**Class 2. Unpaid Wages Class (Controlled Meal Periods)**

All non-exempt employees employed by Converse, Inc. at any of Converse, Inc.'s facilities in California at any time during the period beginning four years prior to the date of the filing of this action and ending on the date of certification or as otherwise determined by the Court who took a meal period and who were required to go through a security process to leave the facility during such meal period and were not paid for the time of such meal period.

**Class 3. Meal Period Violations Class (Controlled Meal Periods)**

All non-exempt employees employed by Converse, Inc. at any of Converse, Inc.'s facilities in California at any time during the period beginning four years prior to the date of the filing of this action and ending on the date of certification or as otherwise determined by the Court who worked a shift longer than six hours and who were required to go through a security process to leave the facility during meal periods and were not paid a meal period premium for such shifts.

**Class 4. Rest Period Violations Class (Controlled Rest Periods)**

All non-exempt employees employed by Converse, Inc. at any of Converse, Inc.'s facilities in California at any time during the period beginning four years prior to the date of the filing of this action and ending on the date of certification or as otherwise determined by the Court who were required to go through a security process to leave the facility during rest periods and were not paid a rest period premium for all such shifts.

**Class 5. Section 203 Class**

All members of any of Classes 1 through 4 who, during the period beginning three years prior to the date of the filing of this action and ending on the date of certification or as otherwise determined by the Court, were either voluntarily or involuntarily separated from their employment and did not timely receive all wages owing pursuant to Labor Code Section 201 or 202.

7. The term "class members" includes the Plaintiff and all class members.

8. During all or a portion of the class period, Plaintiff and class members were employed by Defendants in California.

9. **Numerosity.** The number of class members is so numerous that joinder of all members is impractical. The names and addresses of the class members are identifiable through documents

Complaint

3

maintained by the Defendants, and the class members may be notified of the pendency of this action by published and/or mailed notice. There are believed to be more than 100 class members.

10. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

   a. Whether Defendants paid class members for all hours worked as required by California law for time spent waiting for and going through mandatory security processes in order to enter or exit the facility.

   b. Whether Defendants violated their meal period obligations under California law by requiring class members to go through mandatory security processes in order to exit the facility during their meal periods.

   c. Whether Defendants violated their rest period obligations under California law by requiring class members to go through mandatory security processes in order to exit the facility during their rest periods.

   d. Whether Defendants willfully failed to timely pay all wages due to Plaintiff and class members upon the termination of their employment; and

   e. Whether Defendants engaged in unfair competition in violation of California Business & Professions Code Section 17200, *et seq.*

11. **Typicality.** Plaintiff's class claims are typical of the class members' claims. Plaintiff and all class members sustained injuries and damages arising out of Defendants' common course of conduct in violation of the law as alleged herein. Plaintiff is entitled to the same relief under the class action causes of action as the class members.

12. **Adequacy.** Plaintiff will adequately and fairly protect the interests of the class members. Defendants employed Plaintiff during the class period and was subject to the violations alleged herein. Plaintiff is an adequate representative for the class members because Plaintiff has no

Complaint

4

interest adverse to the interests of the class members and Plaintiff has retained legal counsel with substantial experience in civil litigation, employment law and class action litigation. Plaintiff and Plaintiff's counsel will fairly and adequately protect the class members' interests.

13. **Superiority.** A class action is superior to other available means of fair and efficient adjudication of the class members' claims. Joinder of all class members is impractical. Class action treatment will allow numerous similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would cause to such plaintiffs or to the court system. Further, the damages of many class members may be relatively small and the burden and expenses of individual litigation would make it difficult or impossible for individual class members to seek and obtain relief, while a class action will serve an important public interest. Furthermore, questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Individual litigation would present the potential for inconsistent or contradictory judgments. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in one case.

### First Cause of Action
### Failure to Pay Wages for Hours Worked
### (Against All Defendants)

14. Plaintiff realleges all the preceding paragraphs.

15. Labor Code Section 1197 in relevant part provides:

    > The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

16. Paragraph 4 of the applicable Wage Order provides in relevant part:

Complaint
5

> (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

17. The following allegations as to Plaintiff are believed to apply to all class members.

18. Plaintiff was required to scan his employee badge to unlock the two glass doors through which Plaintiff entered the facility. A security desk, manned by two security guards, was inside those two doors. Plaintiff then passed by the security desk on the way to two more glass doors that opened into the warehouse.

19. To exit the facility, Plaintiff was required to go through an exit security process. A security guard would pat the employee down and look inside any bags. Woman were required to open their purses to allow security personnel to inspect them. To have any bags checked, workers were required to put them on a table and open them.

20. Going through this exit security process was required whenever Plaintiff exited the facility, including meal periods and rest periods, and was done off-the-clock.

21. Plaintiff and class members were entitled to be paid for all hours worked, including waiting for and passing through the various mandatory security procedures, traveling between the various security procedures, and walking to and from the time clocks.

22. Defendants did not compensate Plaintiff and other class members for such hours worked and, to the extent such hours worked exceeded eight hours in a day or 40 hours in a week, Defendants did not compensate Plaintiff and other class members at the correct overtime rate.

23. Labor Code Section 1194.2 in relevant part provides:

> In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation. A suit may be filed for liquidated damages at any time before the expiration of the statute of limitations on an action for wages from which the liquidated damages arise.

Complaint
6

24. Plaintiff and class members are entitled to liquidated damages pursuant to Labor Code Section 1194.2.

25. Plaintiff has incurred and is entitled to attorneys' fees, costs and interest.

**Second Cause of Action**
**Meal Period Violations**
**(Against All Defendants)**

26. Plaintiff realleges all the preceding paragraphs.

27. Defendants violated Defendants' meal period obligations by requiring Plaintiff and class members to go through a security process to exit the facility during their meal periods.

28. Defendants failed to pay Plaintiff and class members the compensation due them pursuant to Labor Code Section 226.7 and the applicable Wage Order.

**Third Cause of Action**
**Rest Period Violations**
**(Against All Defendants)**

29. Plaintiff realleges all the preceding paragraphs.

30. Defendants violated Defendants' rest period obligations by requiring Plaintiff and class members to go through a security process to exit the facility during their rest periods.

31. Defendants failed to pay Plaintiff and class members the compensation due them pursuant to Labor Code Section 226.7 and the applicable Wage Order.

**Fourth Cause of Action**
**Failure to Pay Waiting Time Wages Pursuant to Labor Code Section 203**
**(Against All Defendants)**

32. Plaintiff realleges all the preceding paragraphs.

33. Labor Code Section 201 in relevant part provides:

    (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

34. Labor Code Section 202 in relevant part provides:

    (a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours

Complaint
7

thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting...

35. Labor Code Section 203 provides in relevant part:

(a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. . . .

(b) Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

36. The employment of Plaintiff and Termination Pay Subclass members with Defendants terminated.

37. When the employment of Plaintiff and Termination Pay Subclass members terminated, Defendants violated Labor Code Sections 201 or 202 by willfully failing to pay the wages earned and unpaid that were due them within the time required by Sections 201 or 202.

38. Labor Code Section 218.5 provides in relevant part:

(a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. . . .

39. Plaintiff has incurred attorneys' fees and costs in pursuing this claim.

**Fifth Cause of Action**
**Violation of California Business and Professions Code Section 17200, *et seq.***
**(Against All Defendants)**

40. Plaintiff realleges all the preceding paragraphs.

41. Business & Professions Code Section 17200 provides:

As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. (Emphasis added.)

42. Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

Complaint
8

43. Business & Professions Code Section 17203 provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

44. Defendants have been unjustly enriched because of Defendants' unlawful and/or unfair business acts and/or practices.

45. Plaintiff and the class members are entitled to restitution of the money and/or property by which Defendants were unjustly enriched.

46. Plaintiff and the class members are further entitled to seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

47. Plaintiff and the class members have no plain, speedy, and/or adequate remedy at law to redress the injuries that they have suffered because of Defendants' unfair, unlawful and/or fraudulent business practices.

48. If Defendants are not enjoined from the conduct alleged herein, they will continue to violate their legal obligations.

49. Plaintiff is entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

Complaint
9

1. Certification of this action as a class action and the appointment of Plaintiff as the representative of the classes and Plaintiff's counsel as lead counsel for the classes;
2. Damages for unpaid wages;
3. Liquidated damages;
4. Compensatory damages according to proof;
5. Waiting time penalties due pursuant to Labor Code Section 203;
6. Statutory penalties pursuant to Labor Code Section 226(e);
7. Restitution pursuant to Business & Professions Code Sections 17200, *et seq.*;
8. Prejudgment interest;
9. Reasonable attorneys' fees;
10. Costs as allowed by law;
11. A declaratory judgment that the practices complained of herein are unlawful under the Labor Code and/or the Unfair Competition Law and injunctive relief requiring termination or modification of the unlawful practices alleged;
12. Such other relief as this Court shall deem just and proper.

Dated: May 5, 2020　　　　THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Andres Campos

Complaint
10

**Demand for Jury Trial**

Plaintiff demands a jury trial.

Dated: May 5, 2020

THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Andres Campos